**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**


DEBORAH BOLTON,

       Plaintiff,

vs.                            Case No. 3:07-cv-612-J-HTS

MICHAEL ASTRUE,
Commissioner of
Social Security,

       Defendant.

_____


**OPINION AND ORDER**[1]

**I.  Status**

    Deborah   Bolton   is   appealing   the   Social   Security
Administration's  denial  of  her  claim  for  Disability  Insurance
Benefits.  Her alleged inability to work is based on a bulging disc
and constant pain.  Transcript of Administrative Proceedings (Tr.)
at  186.   Plaintiff  was  ultimately  found  not  disabled  by
Administrative  Law  Judge  (ALJ)  JoAnn  L.  Anderson  in  a  Decision
entered on November 22, 2006.[2]  *Id.* at 15, 26-27.  Claimant has
exhausted  the  available  administrative  remedies  and  the  case  is

_____

    [1]   The parties consented to the exercise of jurisdiction by a United
States Magistrate Judge.  Notice, Consent, and Order of Reference - Exercise of
Jurisdiction by a United States Magistrate Judge (Doc. #11).

    [2]   The Appeals Council remanded the original Decision, entered on
December 21, 2005, to Judge Anderson for further consideration.  *Id.* at 44.

properly before the Court.  Plaintiff contends the judge failed to "properly evaluate[] the opinion evidence of record pursuant to the Commissioner's applicable regulations and rulings[.]"  Memorandum in Support of Plaintiff's Appeal of the Commissioner's Decision (Doc. #8; Memorandum) at 1, 11 (emphasis omitted).

## II.  Legal Standard

This Court reviews the Commissioner's final decision as to disability[3] pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Whereas no special deference is accorded the application of legal principles, findings of fact "are conclusive if supported by substantial evidence[.]" *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (internal quotation marks omitted); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (quoting *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998)).  Substantial evidence has been defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Falge*, 150 F.3d at 1322 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Ingram*, 496 F.3d at

---

[3]     "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. § 423(d)(1)(A); *see* 42 U.S.C. § 1382c(a)(3)(A).  An ALJ must follow the five-step sequential inquiry described in 20 C.F.R. §§ 404.1520, 416.920, determining as appropriate whether the claimant 1) is currently employed; 2) has a severe impairment; 3) is disabled due to an impairment meeting or equaling one listed in the regulations; 4) can perform past work; and 5) retains the ability to perform any work in the national economy.  *See also Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004).

1260.  Despite the existence of support in the record, the ALJ's determination may not be insulated from remand where there is a "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted[.]"  *Ingram*, 496 F.3d at 1260 (internal quotation marks omitted); *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

### III.  Discussion

According to Ms. Bolton, the ALJ erred in his evaluation of five medical opinions.  Memorandum at 16-21.  The first three were offered by treating physicians, *see id.* at 14-15; Tr. at 267-68, 272-78, 325, 332-33, 502, the fourth by an examining doctor, *see* Memorandum at 15; Tr. at 119-25, and the last by a Single Decision Maker.  *See* Memorandum at 20; Tr. at 295-302.

### A.  Treating Doctors

It is contended the judge improperly evaluated evidence from Drs. Howard B. Weiss, Bao T. Pham, and Arnold Graham Smith.  *See* Memorandum at 16-19.

Unless rejected for good cause, a treating physician's opinion "is entitled to substantial weight[.]"  *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); *see also Ogranaja v. Comm'r of Soc. Sec.*, 186 F. App'x 848, 850 (11th Cir. 2006) (per curiam); *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004).  Further, the

weight afforded a treating doctor's opinion must be specified along with "any reason for giving it no weight, and failure to do so is reversible error." *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986); *see also Phillips*, 357 F.3d at 1241 ("When electing to disregard the opinion of a treating physician, the ALJ must clearly articulate [his or her] reasons.").

"The treating physician's report may be discounted when it is not accompanied by objective medical evidence or is wholly conclusory." *Edwards*, 937 F.2d at 583; *see also Ogranaja*, 186 F. App'x at 850; *Phillips*, 357 F.3d at 1240-41. ALJs, however, may not simply substitute their own judgment for that of a medical expert. *See Graham v. Bowen*, 786 F.2d 1113, 1115 (11th Cir. 1986) (per curiam). It has sometimes even been stated that, "[w]here the [Commissioner] has ignored or failed properly to refute a treating physician's testimony, . . . as a matter of law . . . he has accepted it as true." *MacGregor*, 786 F.2d at 1053.

"[I]t was improper[,]" Claimant argues, "for the ALJ to ignore the opinion of Dr. Weiss that [she] was limited to a maximum lifting of 5 pounds without providing any support for her statement that 'there is no clear basis' for this opinion." Memorandum at 16; *cf.* Tr. at 24. According to the Commissioner, "the ALJ appropriately found no basis for this limitation" due to "the discrepancy between" her job duties as performed at the time the

- 4 -

opinion was rendered and the lifting restriction.   Memorandum in
Support of the Commissioner's Decision (Doc. #12; Opposition) at 10
(citing Tr. at 198).   Yet, the job description cited by Defendant
apparently relates to a position held in 1989.[4]   *Cf.* Tr. at 197-98.
Particularly as this case must be remanded on other grounds, *see
infra*, the ALJ will be afforded an opportunity to reconsider Dr.
Weiss's opinion with regard to lifting.[5]

Plaintiff next asserts the judge improperly "disregarded the
opinions of Dr. Graham Smith[.]"  Memorandum at 17.   She argues
that neither the ALJ's observation she saw the physician only twice
nor the judge's "generic statements" are sufficient.  *Id.* at 17-19.

The judge explained "Dr. Smith's very restrictive residual
functional capacity is not accepted because it is based on only two
visits and it is inconsistent with the findings of his own report
which reveals limited findings, including a normal neurological
examination."  Tr. at 24.   Thus, the only allegedly inconsistent
finding mentioned relates to the referenced report's indication

---

[4]      In any event, it is not the Commissioner's place at this stage of the
litigation to supply reasoning omitted by the ALJ.

[5]      Additionally, Claimant asserts "it was improper for the ALJ to give
'some weight' (T. 24) to Dr. Weiss' opinion that [she] could perform sedentary
work[,]" since this "is an ultimate conclusion" rather than a medical opinion.
Memorandum at 17.   She makes the same argument concerning Dr. Pham's opinion.
*Id.*   To the extent the physicians were alluding to particular functional
restrictions, *see*, *e.g.*, Tr. at 266, 271 (sedentary level "with a maximum lifting
of 5 pounds[, n]o repetitive bending, twisting, or stooping"), 268 (same), 272A
(sedentary characterized on form as involving lifting of ten pounds
occasionally), Plaintiff's contention is not found persuasive.

that a "[n]eurological examination was normal." *Id.* at 333.  It is far from apparent how this finding contradicts other of the doctor's statements.  The same report describes a "DPQ score [that] shows [Claimant's] pain is predominantly physical and she has very little emotional involvement[,]" *id.* at 332, "a deep lumbar lordosis when she is standing[,] local[] tender[ness] at L5-S1[,] great difficulty bending forwards and backwards[, and a] markedly restricted [straight leg raise] at only about 35 degrees bilaterally causing back pain." *Id.* at 333.  Moreover, even the normal neurological finding was qualified by a perceived "sensory change [that] would correlate with the MRI appearances showing left lateral bulging of the L5-S1 disc." *Id.*

Due to the lack of adequate explanation and analysis in the Decision, the Court is unable to discern what exactly the ALJ relied on in reaching her conclusion. *Cf., e.g., Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004) (stating "[t]he ALJ sufficiently identified the inconsistencies" in rejecting the opinions of a nurse and a physician); *Ramirez v. Astrue*, No. 1:06-cv-001257-AWI-SMS, 2008 WL 256563, at *11 (E.D. Cal. Jan. 30, 2008) (findings and recommendations of magistrate judge) ("[A]n ALJ must explicitly reject the opinion and set forth specific reasons . . . sufficient . . . to permit intelligent judicial review[.]"); *Morrison v. Barnhart*, 278 F. Supp. 2d 1331, 1336 (M.D. Fla. 2003)

- 6 -

(statement that treating physician opinion is inconsistent with record as a whole, including the doctor's own examination findings, "is too general to permit meaningful judicial review").

**B. Examining Physician**

Several factors govern the analysis of information from nontreating[6] sources.  As an initial matter, it is noted examining doctors' opinions are not entitled to deference.  *See McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987) (per curiam); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1160 (11th Cir. 2004) (per curiam).  However, the ALJ is required to consider every medical opinion that is in evidence.  *See* 20 C.F.R. §§ 404.1527(d), 416.927(d).  Unless a treating source is given controlling weight, an opinion should be evaluated by examining such factors as: (1) length and frequency of treatment (if any), (2) nature and extent of the relationship, (3) supportability, (4) consistency, and (5) specialization.  *See id*. §§ 404.1527(d)(2)-(6), 416.927(d)(2)-(6). Furthermore, the ALJ "must explain why significant probative evidence has been rejected." *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (per curiam) (internal quotation marks omitted).

---

[6]     "Nontreating source means a physician, psychologist, or other acceptable medical source who has [performed an] examin[ation] but does not have, or did not have, an ongoing treatment relationship with [the claimant]."  20 C.F.R. §§ 404.1502, 416.902 (emphasis omitted).

Declaring them "based on only one visit with very limited treatment notes in support of his assessed limitations[,]" the ALJ dismissed the findings of Dr. Shahriar Nabizadeh.  Tr. at 24. Inasmuch as treatment notes are not to be expected from an examining physician, the judge's reasoning would lead to the automatic rejection of all such doctor's opinions.  The rationale offered, then, is plainly inadequate.  On remand, the ALJ will be called upon to reevaluate the evidence from Dr. Nabizadeh.

### C.  Single Decision Maker

Plaintiff argues it was improper for the ALJ to adopt, in part, the "medical opinion . . . offered by a 'Single Decision Maker[(SDM).]'"  Memorandum at 20; *cf.* Tr. at 295-302 (the referenced assessment, signed by Stephanie Hetz, SDM).  "Further," she asserts, "by adopting and providing weight to the opinion of [the SDM,] the ALJ deprived [her] of a de novo hearing as an ALJ is not permitted to give any weight to the fact that a claimant was found not disabled at the initial and/or reconsideration levels[.]" Memorandum at 21.

Defendant explains "the Commissioner has been conducting a test in Florida, among other states, involving the use of a single decision maker who may make the initial disability determination without requiring the signature of a medical consultant." Opposition at 16.  "An SDM is not a medical professional of any

stripe, and" a finding from such an individual is "entitled to no weight as a medical opinion, nor to consideration as evidence from other non-medical sources." *Velasquez v. Astrue*, Civil Action No. 06-cv-02538-REB, 2008 WL 791950, at *3 (D. Colo. Mar. 20, 2008) (internal quotation marks omitted); *see also Johnson v. Barnhart*, No. 03-166-B-W, 2004 WL 1529296, at *4 (D. Me. June 24, 2004) (report and recommended decision of magistrate judge) (opinion of SDM, as layperson, "entitled to no weight"), *adopted by Johnson v. Barnhart*, 2004 WL 1572705 (July 13, 2004).  Hence, it was improper for the judge to "adopt[], in part, the medical opinion of" the SDM.  Tr. at 25.

The Commissioner does not contend the ALJ's mistake was harmless.  Instead, he attempts to justify the Decision by stating the judge "merely considered the SDM opinion in a similar manner to [the] way she considered the opinion of the state agency physician[,]" Opposition at 17; *see also id.* at 16 ("The ALJ appropriately considered the opinion of the . . . SDM."), a defense which, unfortunately, only serves to highlight the fact error was committed.  Thus, this case will be remanded with instruction to afford the SDM's opinion no weight.

## IV. Conclusion

In accordance with the foregoing, the Clerk of the Court is directed to enter a judgment pursuant to sentence four of 42 U.S.C.

§ 405(g) **REVERSING** the Commissioner's decision with instructions to 1) reconsider Dr. Weiss's opinion as to lifting; 2) reweigh the opinions of Dr. Smith; 3) reevaluate the evidence from Dr. Nabizadeh; 4) give no weight to the opinions of the Single Decision Maker; and 5)conduct any further proceedings deemed proper.

   **DONE AND ORDERED** at Jacksonville, Florida, this 12th day of May, 2008.


                                   /s/          Howard T. Snyder
                                   HOWARD T. SNYDER
                                   UNITED STATES MAGISTRATE JUDGE


Copies to:

Counsel of Record
      and pro se parties, if any